UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:20-cv-00774 |
| ) | |
| REAL ALLOY SPECIFICATION, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. STATEMENT OF THE CASE

1. Plaintiff, Gary Taylor (hereinafter "Taylor" or "Plaintiff"), brings his Complaint against Defendant, Real Alloy Specification, LLC (hereinafter "Defendant"), for its violations of Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff contends he was subjected to discrimination based on his disability.

### II. PARTIES

2. Taylor resides within the geographical boundaries of the Northern District of Indiana.

3. Real Alloy Specification, LLC is an Ohio based foreign limited liability company with a principal office location of 3700 Park East Drive, Suite 300, Beachwood, Ohio 44122.

### III. JURISDICTION AND VENUE

4. Taylor is an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

6. Taylor satisfied his obligation to exhaust his administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge Number 470-2020-00980 against

Defendant alleging discrimination in violation of the ADA and ADAAA, as amended, because of his disability, bilateral upper extremity and forearm work-related injury, extensor intersection syndrome, left hand paresthesia. Taylor received his Notice of Right to Sue from the EEOC on August 9, 2020, and hereby timely files this lawsuit.

7. Jurisdiction is conferred on this Court by the ADA and ADAAA; 42 U.S.C. § 12117, and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Northern District of Indiana.

### IV.   FACTUAL ALLEGATIONS

9. Taylor was hired by Defendant in July 2014 as a Utility Operator at Defendant's Wabash, Indiana facility.

10. At the time of his termination, Taylor held the position of Furnace Operator at Defendant's Wabash, Indiana facility.

11. On or about July 13, 2018, Taylor suffered a work-related injury to his bilateral elbows and forearms when he fell through a platform at Defendant's Wabash, Indiana facility.

12. On or about August 20, 2018, Taylor presented to Parkview Occupational Health Wabash for a follow-up appointment and was assessed with temporary work restrictions of: limited use of the bilateral elbows, and no repetitive use of the bilateral forearms.

13. On or about August 27, 2018, Taylor presented to Parkview Occupational Health Wabash for a follow-up appointment and was assessed with temporary work restrictions of: limited use of the bilateral elbows, no repetitive use of the bilateral forearms, limited tight gripping, grasping

or squeezing of the bilateral elbows, and limited lifting, pushing or pulling of up to ten (10) pounds of the bilateral elbows.

14. On or about September 13, 2018, Taylor presented to Parkview Occupational Health Wabash and was assessed with temporary work restrictions limiting him to desk type work, no heavy grasping, lifting, pushing or pulling, and was referred to physical therapy.

15. On or about September 28, 2018, Taylor presented to Parkview Occupational Health Wabash for a follow-up appointment and was assessed with temporary work restrictions limiting him to desk type work and no heavy grasping, lifting, pushing, or pulling.

16. On or about February 18, 2019, Taylor underwent left elbow surgery.

17. In February 2019, Taylor's treating physician submitted to the Human Resources department of Defendant an application for Family Medical Leave Act ("FMLA") leave, upon which he was granted 8 months of leave.

18. On or about November 22, 2019, Defendant's Human Resource Manager, Gina Kersey, informed Taylor that the Defendant was in the process of evaluating the physical requirements of the Furnace Operator position to see whether he could perform the essential functions of the job.

19. Taylor was able to perform the essential functions of his job with reasonable accommodations.

20. On or about December 12, 2019, Taylor was advised that there were no open jobs for which he was qualified with or without accommodations, and was informed that his employment was being terminated.

21. On January 22, 2020, Taylor filed his Charge of Discrimination against the Defendant with the EEOC.

## V.  LEGAL ALLEGATIONS

22. Plaintiff hereby incorporates paragraphs one (1) through (21) as set forth herein.

23. Plaintiff has a physical condition that is serious enough to substantially limit a major life activity, and has a record of disability.

24. Plaintiff has been discriminated against because of his disability.

25. Defendant refused to make a reasonable accommodation for Plaintiff's disability.

26. Defendant's actions and omissions violated the ADA and ADAAA, 42 U.S.C. § 12101 *et seq*.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Gary Taylor, requests that judgment of this Court be held in his favor as follows:

1. Order Defendant to pay him any and all lost wages and the monetary value of all benefits associated with his employment;

2. Order Defendant to pay him compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Gary Taylor, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*


Christopher E. Clark, Atty No. 18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
03-115